UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JERRY EAGLIN AND DEVONDA EAGLIN, | § § § | |
| Plaintiffs, | § § | CASE NO. _____ |
| vs. | § § | |
| SAFECO INSURANCE COMPANY OF INDIANA AND BENJAMIN TARQUINIO, | § § § § | |
| Defendants. | | |

### DEFENDANTS' NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §1446(a) and Local Rule 81, Defendants Safeco Insurance Company of Indiana ("Safeco") and Benjamin Tarquinio (collectively "Defendants") file this Notice of Removal, hereby removing this action from the 16th Judicial District Court of Denton County, Texas to the United States District Court for the Eastern District of Texas, Sherman Division. Removal is based on diversity jurisdiction because there is complete diversity between Plaintiffs Jerry Eaglin and Devonda Eaglin ("Plaintiffs") and Safeco and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. As explained below, Defendant Benjamin Tarquinio ("Tarquinio") was improperly joined, and this Court should therefore disregard Tarquinio's citizenship when evaluating diversity.

### I.

### INTRODUCTION

This dispute arises from Plaintiffs' claim for hail damage to their home located at 400 Windy Crest Drive, Carrollton, Texas, (the "Property"). Plaintiffs allege that

Defendants breached a policy of insurance, and violated certain provisions of the Texas Insurance Code and Texas Deceptive Trade Practices Act ("DTPA") by, among other things, failing to pay Plaintiffs' claim for damages resulting from an alleged hailstorm.

On September 26, 2014, Plaintiffs filed their Original Petition in the 16th Judicial District Court of Denton County, Texas. Safeco was personally served with a citation and a copy of Plaintiffs' Original Petition on October 10, 2014 through its registered agent for service of process. Tarquinio was personally served with a citation and a copy of Plaintiffs' Original Petition on October 16, 2014  Defendants timely filed an answer to Plaintiffs' Original Petition on October 29, 2014.  This Notice of Removal is being filed within thirty (30) days of service of the Petition, and is thus timely filed under 28 U.S.C. §1446(b).

## II.

### BASIS FOR REMOVAL

A.  **DIVERSITY OF CITIZENSHIP**

Removal is proper because there is complete diversity between the parties. *See* 28 U.S.C. § 1332(a).  Plaintiffs are citizens of Texas. *See* Plaintiffs' Original Petition ¶2.01. Safeco is a corporation organized under the laws of the State of Indiana, with its principal place of business in Boston, Massachusetts. As explained below, Tarquinio was improperly joined and, therefore, this Court should disregard Tarquinio's citizenship when evaluating diversity.

    1.    **Standards For Improper Joinder**

The right to remove depends upon the plaintiff's pleading at the time of the petition for removal, *i.e.*, Plaintiffs' Original Petition. *Pullman Co. v. Jenkins*, 305 U.S. 534, 537-38 (1939); *Cavallini v. State Farm Mutual Auto Ins.*, 44 F.3d 256, 264 (5th Cir.

1995); *Dalton v. State Farm Lloyd's, Inc.*, 2013 U.S. Dist. LEXIS 86490 (S.D. Tex. June 19, 2013). Plaintiffs' vague, conclusory Original Petition fails to state a plausible claim for relief against Tarquinio.

A defendant may remove a state court civil action only "if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). The doctrine of improper joinder prevents defeat of federal removal jurisdiction premised on diversity by the presence of an improperly joined, non-diverse defendant. *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009). Citizenship of an improperly joined party is totally disregarded in determining the court's subject matter jurisdiction. *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2003).

Improper joinder may be established by showing (1) actual fraud in the pleading of jurisdictional facts or (2) an inability to establish a cause of action against the non-diverse defendant in state court. *Gasch v. Hartford Accident & Indemnity Co.*, 491 F.3d 278, 281 (5th Cir. 2007); *Smallwood*, 385 F.3d at 573.

### 2. Defendant Tarquinio Was Improperly Joined

Here, Defendants seek removal under the latter because Plaintiffs' pleading provides no reasonable basis for this Court to predict that Texas law would allow recovery against Tarquinio. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003); *Smallwood*, 385 F.3d at 576. A "reasonable basis" means more than a mere a hypothetical basis. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999) ("whether the plaintiff has stated a valid state law cause of action depends upon and is tied to the factual fit between the plaintiffs' allegations and the pleaded theory of recovery").

Tarquinio is a field adjuster whom Safeco assigned to handle the initial inspection of the insureds' Property after Plaintiffs submitted their claim. However, Plaintiffs fail to allege any specific facts that establish a valid cause of action against Tarquinio.

To determine whether a plaintiff has a reasonable basis for recovery under state law, the court may conduct a Rule 12(b)(6)-type analysis. *Smallwood*, 385 F.3d at 573; *Anderson v. Georgia Gulf Lake Charles*, 342 Fed. Appx. 911, 915 (5th Cir. 2009). The court should look at the pleadings to determine whether the allegations state a claim under state law against the in-state defendant. *Smallwood*, 385 F.3d at 573.

While an adjuster, such as Tarquinio, can be found liable in his individual capacity, *Safeco Mutual Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W. 2d 482, 485 (Tex. 1998), Plaintiffs' Original Petition, which simply tracks the underlying statute, is factually deficient and fails to state a cause of action against Tarquinio.

As an initial inquiry, the Court must ask whether it appears from the petition that the plaintiffs actually intended to sue the non-diverse defendant, i.e., whether "the record … support[s] any inference that the [plaintiff] intended to actively pursue claims" against Tarquinio. *Griggs*, 181 F.3d at 699; *Dalton v. State Farm Lloyd's, Inc.*, 2013 U.S. Dist. LEXIS 86490, 21-22 (S.D. Tex. June 19, 2013). Courts of this circuit have considered the following factors in making this evaluation: (1) whether the defendant is merely minimally mentioned, (2) whether he was ever served, and (3) whether any actionable claims are specifically alleged against him.

Plaintiffs' Original Petition identifies Tarquinio by name, but the allegations against him are minimal, provide no facts, and, therefore, fail to establish a plausible claim. For the most part, the allegations merely track the statutory provisions. As

explained by the Southern District of Texas in a case essentially identical to this one, such actions can be accomplished by Safeco through an agent, and as such, are indistinguishable from Safeco's actions. *Dalton*, 2013 U.S. Dist. LEXIS 86490, at 21-22. *See also*, *Atascocita Realty, Inc. v. W. Heritage Ins. Co.*, 2012 U.S. Dist. LEXIS 130526 (S.D. Tex. Sept. 13, 2012) (holding that when an adjuster's actions can be accomplished by the insurer through an agent and when the claims against the adjuster are identical to those against the insurer, the adjuster's actions "are indistinguishable from [the insurer's] actions" and hence are insufficient to support a claim against the adjuster); *Centro Cristiano Cosecha Final, Inc. v. Ohio Cas. Ins. Co.*, 2011 U.S. Dist. LEXIS 6541 *14 (S.D. Tex. Jan. 20, 2011).

Plaintiffs' Petition fails to mention any specific misrepresentation by Tarquinio to Plaintiffs, nor does it specifically allege any deficiencies during Tarquinio's investigation. Plaintiffs' sole allegation against Tarquinio, individually, for an investigation that "did not comply with his duties under Section 541 of the Texas Insurance Code" is insufficient to establish the possibility of a claim against him individually for violation of the Texas Insurance Code and/or the DTPA. *Dalton*, 2013 U.S. Dist. LEXIS 86490, at 23.

In *Griggs*, the Fifth Circuit determined that such a factually deficient petition that fails to specify any actionable conduct against the insurance agent individually does not meet even Texas's liberal notice pleading standard and declined "to expand the concept of notice pleading this far." *Griggs*, 181 F.3d at 699.

Although Tarquinio is a Texas citizen and resident, Plaintiffs have not asserted a single allegation of any act Tarquinio performed by himself. Such generic allegations are

insufficient to state a potential right to relief against Tarquinio. *Griggs*, 181 F.3d at 700-702; *Dalton*, 2013 U.S. Dist. LEXIS 86490 at 23 (denying Plaintiff's motion to remand under virtually identical facts and pleadings). Therefore, Tarquinio has been improperly joined in an effort to defeat diversity.

    **3.**    **This Court Should Disregard Tarquinio's Citizenship When Evaluating Diversity**

It is well-settled that the presence of an improperly joined, non-diverse defendant does not defeat federal jurisdiction premised on diversity. *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009). Because there is no reasonable basis for this Court to predict that Plaintiffs might be able to recover against Tarquinio, his presence should be disregarded in determining diversity jurisdiction and he should be dismissed. *Id.*

Plaintiffs are citizens of Texas, Defendant Safeco is a citizen of Indiana, and because Defendant Tarquinio has been improperly joined, complete diversity of citizenship exists among the properly joined parties

**B.**    **AMOUNT IN CONTROVERSY**

    *1.*    *Standards*

Generally, the amount in controversy for purposes of establishing federal jurisdiction should be determined by the plaintiff's complaint. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411-12 (5th Cir. 1995). Where the plaintiff has not made a specific monetary demand the defendant has the burden to prove that the amount in controversy exceeds the jurisdictional amount of $75,000.00. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

A defendant can satisfy this requirement if "(1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth summary judgment type evidence of facts in controversy that support a finding of the requisite amount." *Manguno*, 276 F.3d at 723 (internal quotations omitted). Where a defendant has met its burden, remand is proper only if the plaintiff can show that it is "legally certain that his recovery will not exceed" the jurisdictional amount. *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 387 (5th Cir. 2009).

### 2. Plaintiff's Original Petition

Plaintiffs' Original Petition includes causes of action against Defendants for (1) breach of contract; (2) violations of the Texas Deceptive Trade Practices Act ("DTPA" (3) violations of the Texas Insurance Code, Chapters 541 and 542; (4) good faith and fair dealing; and fraud. Plaintiffs also claim that because Safeco's alleged violations of the DTPA and Insurance Code were committed knowingly, Plaintiffs are entitled for "additional damages under the DTPA, section 17.50(b)(1)…. thus entitled to the 18% damages allowed by the Texas Insurance Code".[1]

The breadth of Plaintiffs' claims, their allegations regarding the extent of damages to their Property, and the fact that they seek additional damages under the DTPA, section 17.50(b)(1,) and exemplary damages[2] suggests that Plaintiffs seek to recover more than $75,000.00 from Safeco. However, Plaintiffs' Original Petition does not include a specific monetary demand and does not specifically state the actual damages they claim to have suffered as a result of the alleged storm, or the total amount they seek from Defendants.

---

[1] *See* Plaintiffs' Original Petition, ¶16.01.

[2] *See* Plaintiffs' Original Petition, ¶16.03

### 3. *Plaintiffs' DTPA Demand*

On September 4 2014, Plaintiffs' counsel sent a DTPA demand to Safeco that removes all doubt regarding the amount controversy in this case. Plaintiffs' DTPA demand was for a total amount of $115,143.43. A true and correct copy of Plaintiffs' DTPA demand is attached as **EXHIBIT 1** to the Affidavit of Mark D. Tillman, which is attached to this Notice of Removal as **EXHIBIT A**. The demand claims that Plaintiffs' actual damages from the storm are $87,216.20 and that they have incurred $2,000.000 in attorney's fees.

### 4. *Plaintiffs' Claim For Attorneys' Fees*

If a state statute provides for attorneys' fees, such fees are included as part of the amount in controversy. *Foret v. Southern Farm Bureau Life Ins. Co.*, 918 F.2d 534, 537 (5th Cir. 1990); see also 14A C. Wright & A. Miller, FEDERAL PRACTICE & PROCEDURE § 3712, at 176 (2d ed. 1985).

Here, Plaintiffs seek attorneys' fees in connection with their breach of contract action.[3] Plaintiffs also assert a claim for attorneys' fees for alleged "violations of the Texas Insurance Code."[4]

Removal of this action is therefore proper under 28 U.S.C. § 1441(a). This is a civil action brought in state court and this Court has original jurisdiction over the subject matter pursuant to 28 U.S.C. § 1332(a). In addition, Plaintiffs' citizenships are diverse from Safeco. Finally, taking into account Plaintiffs' claims for actual damages of

---

[3] Plaintiff's Original Petition, ¶17.01. *See* TEXAS CIVIL PRACTICE & REMEDIES CODE, §38.001.

[4] Plaintiff's Original Petition, ¶17.01. *See* TEXAS INSURANCE CODE, §§541.152 and 542.060.

$115,143.43, and attorneys' fees sought under various statutes, among other damage claims, the amount in controversy clearly exceeds $75,000.00.

### III.

### COMPLIANCE WITH PROCEDURAL REQUIREMENTS

As required by Local Rule 81, filed concurrently with this Notice of Removal is a completed civil cover sheet. Additionally, the following exhibits are attached:

- **EXHIBIT B:** A supplemental civil case cover sheet containing the information required by Local Rule 81(c);

- **EXHIBIT C:** A certified Copy of State Court Docket; and

- **EXHIBITS D-1 through D-2:** a copy of all pleadings that assert causes of action, all answers to such pleadings, and a copy of all process and orders served upon the party removing the case to this court, as required by 28 U.S.C. § 1446(a).

Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same.

Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the District Clerk for the 16th Judicial District of Denton County, Texas promptly after filing of same.

## IV.

## CONCLUSION AND PRAYER

Based on the foregoing, Defendants Safeco Insurance Company of Indiana and Benjamin Tarquinio respectfully request that the above-captioned action now pending in the 16th Judicial District Court of Denton County, Texas be removed to the United States District Court for the Eastern District of Texas, Sherman Division.

Respectfully submitted,

*/s/ Mark D. Tillman*
MARK D. TILLMAN
State Bar No. 00794742
COLIN BATCHELOR
State Bar No. 24043545
MICHAEL C. DIKSA
State Bar No. 24012531

**TILLMAN BATCHELOR LLP**
1320 Greenway Drive, Suite 830
Irving, Texas 75038
Telephone: 214.492.5720
Facsimile: 214.492.5721
Email: mark.tillman@tb-llp.com
       colin.batchelor@tb-llp.com
       mike.diksa@tb-llp.com

**ATTORNEYS FOR DEFENDANTS SAFECO INSURANCE COMPANY OF INDIANA AND BENJAMIN TARQUINIO**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of Defendant's Notice of Removal has been forwarded to Plaintiffs' counsel of record via electronic means and/or facsimile, on the 3rd day of November 2014 in accordance with the Federal Rules Of Civil Procedure

**ATTORNEYS FOR PLAINTIFFS**
Clint Brasher
SBN 24009915
Joe Muckleroy
SBN 24065801
Brasher Law Firm
P.O. Box 2237
Beaumont, Texas 77704
470 Orleans, Suite 970
Beaumont, Texas 77701
Telephone:  (409) 832-3737
Facsimile:  (409) 832-3838

*s/s Mark D. Tillman*
MARK D. TILLMAN