FILED: 9/26/2014 9:52:42 AM
SHERRI ADELSTEIN
Denton County District Clerk
By: Heather Goheen, Deputy

14-07721-16

NO. _____

| | | |
|---|---|---|
| JERRY EAGLIN AND DEVONDA EAGLIN § | | IN THE \_\_\_DISTRICT COURT |
| Plaintiffs § | | |
| v. § | | |
| § | | OF |
| SAFECO INSURANCE COMPANY OF § | | |
| INDIANA AND BENJAMIN TARQUINIO § | | |
| Defendants § | | DENTON COUNTY, TEXAS |
| § | | |

## PLAINTIFFSS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES JERRY EAGLIN and DEVONDA EAGLIN (herein after referred to as "Plaintiffs"), complaining of defendants, SAFECO INSURANCE COMPANY OF INDIANA, (hereinafter referred to as "SAFECO") and BENJAMIN TARQUINIO (hereinafter referred to as "TARQUINIO") and hereby respectfully show unto the Court and Jury as follows:

### I.
### DISCOVERY CONTROL PLAN

1.01 Plaintiffs intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiffs asks the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### II.
### PARTIES

2.01 Plaintiffs, JERRY EAGLIN and DEVONDA EAGLIN, are individuals and residents of Denton County and citizens of the state of Texas.

2.02 Defendant, SAFECO INSURANCE COMPANY OF INDIANA, hereinafter "SAFECO" is a foreign insurance company engaging in the business of insurance in the state of Texas.

Defendant may be served with process by serving Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

2.03   Defendant, TARQUINIO, is an individual and resident of Tarrant County, and a citizen of the State of Texas and may be served with process by serving him, at 2001 Lewis Crossing Ct., Keller, Texas 76248-9742.

III.
JURISDICTION AND VENUE

3.01   This Court has Jurisdiction over this case in that the amount in controversy exceeds the minimum jurisdictional limits of this Court.

3.02   Venue is mandatory and proper in Denton County, Texas, because all or a substantial part of the events giving rise to the lawsuit occurred in this county (see Tex. Civ. Prac. & Rem. Code § 15.002).

IV.
CONDITIONS PRECEDENT

4.03   All conditions precedent to recovery have been performed, waived, or have occurred.

V.
RESPONDEAT SUPERIOR

5.01   At all times relevant hereto, Defendant, TARQUINIO, was acting in the course and scope of his employment with SAFECO for which SAFECO is liable for her acts and/or omissions.

VI.
AGENCY: ACTUAL/APPARENT AUTHORITY

6.01   At all relevant hereto, TARQUINIO, was acting as an agent of SAFECO. with actual or apparent authority and within the course and scope of their agency relationship

## VII.
## FACTS

7.01    Plaintiffs are the owners of a homeowner insurance policy, policy number Y06917736, issued by the Defendant (hereinafter referred to as the "Policy").

7.02    Plaintiffs owned the insured property that is specifically located at 4000 Windy Crest Drive, Carrollton, Texas (hereinafter referred to as the "Property").

7.03    Defendant or its agent sold the Policy, insuring the property, to Plaintiffs.

7.04    On or about June 15, 2013, Plaintiffs' property sustained windstorm damage. Plaintiffs' roof sustained extensive damage during the storm. Plaintiffs' fencing also sustained damages. After the storm, Plaintiffs filed a claim with her insurance company, SAFECO, for the damages to their home caused by the storm.

7.05    Plaintiffs submitted a claim to Defendant, SAFECO against the Policy for damage caused to the property as a result of the wind and hail. Plaintiffs asked that Defendant, SAFECO, cover the cost of repairs to the Property pursuant to the Policy and any other available coverages under the Policy.

7.06    Defendant has assigned claim number 945963435035 to Plaintiffs' claim.

7.07    SAFECO failed to properly adjust the claim and Defendant has denied Plaintiffs' claim without an adequate investigation, even though the Policy provided coverage for losses such as those suffered by Plaintiffs. Furthermore, SAFECO underpaid some of Plaintiffs' claims by not providing full coverage for the damages sustained by Plaintiffs, as well as under-scoping the damages during its investigation.

7.08    Defendant, SAFECO, assigned TARQUINIO to investigate the loss and adjust the claim. TARQUINIO's investigation of the loss did not comply with his duties under Section 541 of the Texas Insurance Code.

7.09    Defendant's adjuster, TARQUINIO, and SAFECO failed to property adjust the claim and Defendant has denied at least a portion of the claim without an adequate investigation, even though the Policy provided coverage for losses such as those suffered by Plaintiffs. Futhermore, SAFECO underpaid some of Plaintiffs' claims by not providing full coverage for the damages sustained by Plaintiffs, as well as under-scoping the damages during its investigation.

7.10    To date, SAFECO, continues to delay in the payment for the damages to the Property. As such, Plaintiffs' claim(s) still remain unpaid and the Plaintiffs still has not been able to properly repair the Property.

7.11    SAFECO failed to perform its contractual duty to adequately compensate Plaintiffs under terms of the policy. Specifically, SAFECO failed and refused to pay any of the proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs. SAFECO's conduct constitutes a breach of the insurance contract between Defendant and Plaintiffs.

7.12    Defendant, SAFECO, misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant, SAFECO, conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS. CODE §541.060 (a) (1).

7.13    Defendant, SAFECO failed to make an attempt to settle Plaintiffs' claim in a fair manner, although it was aware of its liability to Plaintiffs under the Policy. Defendant SAFECO's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060 (a)(2)(A).

7.14    Defendant, SAFECO and TARQUINIO failed to explain to Plaintiffs the reason for its offer of an inadequate settlement. Specifically, SAFECO failed to offer Plaintiffs adequate compensation, without adequate explanation of the basis in the policy why full payment was not

being made. Further, Defendant SAFECO did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiffs' claim. Defendant SAFECO conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE. §541.060 (a)(3).

7.15    Defendant SAFECO failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant SAFECO. Defendant SAFECO's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a)(4).

7.16    Defendants, SAFECO and TARQUINIO, refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendant SAFECO failed to conduct a reasonable investigation. Specifically, Defendants SAFECO and TARQUINIO, performed an outcome-oriented investigation of the Plaintiffs' claim, which resulted in a biased, unfair, and inadequate evaluation of Plaintiffs' losses on the Property. Defendant SAFECO conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a)(7).

7.17    Defendant SAFECO failed to meet their obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim, and requesting all information reasonably necessary to investigate Plaintiffs' claim within the statutorily mandated time of receiving notice of Plaintiffs' claim. SAFECO's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX.INS.CODE §542.055.

7.18    Defendant SAFECO failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information. SAFECO conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §542.056.

## VIII.
## 1ST CAUSE OF ACTION: BREACH OF CONTRACT

8.01 Plaintiffs incorporate paragraphs 7.01-7.18 herein.

8.01 At the time of the June 15, 2013 incident, Plaintiffs had in place a policy issued by SAFECO. The premiums were current. All conditions precedent to recovery were made. Defendant wrongfully failed to comply with the terms of the contract. Defendant is, therefore, in breach of the contract of insurance issued to Plaintiffs.

8.02 Defendant's conduct constitutes a breach of contract resulting in damages to the Plaintiffs.

## IX.
## 2nd CAUSE OF ACTION: DTPA

9.01 Plaintiffs incorporate paragraphs 7.01-7.18 herein.

9.02 Plaintiffs are "consumers" as defined by Tex. Bus. Code § 17.45(4). Plaintiffs sought or acquired goods or services by purchasing those goods or services from Defendants. SAFECO violated the TEXAS DECEPTIVE TRADE PRACTICES ACT ("DTPA")(TEX. BUS. & COM. CODE §17.44 et seq.) because Defendants engaged in false, misleading and/or deceptive acts or practices that Plaintiffs relied on to their detriment.

9.03 The acts and omissions of Defendants also constitute violations of the Texas Deceptive Trade Practice Act, including, but not limited to:

  a. Committing false, misleading or deceptive acts or practices as defined by §17.46(b); and

  b. Use of employment of an act or practice in violation of the Texas Insurance Code Chapter 541.151 et seq. as described herein.

9.04 The acts and omissions of Defendant were a producing cause of the Plaintiffs' damages.

9.05 Defendant's conduct was committed knowingly and/or intentionally because, at the time of the acts and practices complained of, Defendant had actual awareness of the falsity, deception or unfairness of the acts or practices giving rise to Plaintiffs' claim and they acted with a specific

intent that Plaintiffs act in detrimental reliance on the falsity or deception and/or in detrimental ignorance of the unfairness.

9.06  Plaintiffs gave Defendant, SAFECO, notice as required by DTPA §17.50(a).

X.
### 3ᴿᴰ CAUSE OF ACTION: §541 ET SEQ. TEXAS INSURANCE CODE

10.01  Plaintiffs incorporate paragraphs 7.01-7.16 herein.

10.02  SAFECO and TARQUINIO violated the TEXAS INSURANCE CODE § 541 et seq. because they engaged in unfair and/or deceptive acts or practices in the business of insurance. Specifically, SAFECO' acts and omission include violation of:

(a)  §541.051;

(b)  §541.051(4);

(c)  engaging in unfair settlement practices by (§541.060):

   (i)  misrepresenting to Plaintiffs a material fact or policy provision relating to coverage at issue;

   (ii)  failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiffs' claim with respect to which SAFECO's liability has become reasonably clear;

   (iii)  failing to promptly provide Plaintiffs a reasonable explanation of the factual and legal basis in the policy for SAFECO's denial of the claim;

   (iv)  failing to affirm or deny coverage within a reasonable time; and

   (v)  refusing to pay a claim without conducting a reasonable investigation of the claim.

(d)  misrepresenting Plaintiffs' insurance policy by (§541.061):

   (i)  making an untrue statement of material fact;

   (ii)  failing to state a material fact that is necessary to make other statements made not misleading, considering the circumstances under which the statements were made; and

   (iii)  making a statement in such a manner as to mislead a reasonably prudent person to a false conclusion of a material fact; and

(e) §17.46(b) of the TEXAS DECEPTIVE TRADE PRACTICE ACT, incorporated by TEXAS INSURANCE CODE §541.151.

10.03 SAFECO and TARQUINIO'S conduct was committed knowingly because Defendants had actual awareness of the falsity, unfairness or deception of their acts or practices made the basis for Plaintiffs' claim for damages under the TEXAS INSURANCE CODE.

10.04 Plaintiffs gave Defendant notice as required by §541.154 of the TEXAS INSURANCE CODE.

10.05 Defendants conduct described above was a producing cause of Plaintiffs' injuries.

## XI.
### 4TH CAUSE OF ACTION: TEXAS INS. CODE SECTION 542

11.01 Plaintiffs incorporate paragraphs 7.01-7.18 herein.

11.02 SAFECO violated the Texas Insurance Code section 542 because they failed to do the following within the statutorily mandated time of receiving all necessary information:

(1) Failing to timely acknowledge the Plaintiffs' claim;

(2) Failing to commence an investigation of Plaintiffs' claim;

(3) Failing to request all information reasonably necessary to investigate Plaintiffs' claim within the statutorily mandated deadlines;

(4) Failing to give proper notice of the acceptance or rejection of part or all of Plaintiffs' claim;

(5) Failing to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all information;

(6) Failing to pay Plaintiffs' claim without delay; and

(7) Failing to include the requisite penalty interest on any and all payments made beyond the statutorily designated time to make payment in full for Plaintiffs' claim.

11.03 SAFECO violated the Texas Insurance Code section 542 by:

(1) Knowingly misrepresented to the Plaintiff pertinent facts or policy provisions relating to coverage;

(2) Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under the policy;

(3) Not attempting in good faith to effect a prompt, fair, and equitable settlement of the claim when liability became reasonably clear; and

(4) Compelling Plaintiff to institute a suit to recover an amount due under the policy by offering substantially less than the amount ultimately recovered in the suit brought by Plaintiff.

11.04 Such failures constitute violations of Texas Insurance Code Section 542.055, 542.056, 542.057, and 542.058. As a result of the foregoing violations, Plaintiffs request damages under Texas Insurance Code section 542.060.

## XII.
## 5TH CAUSE OF ACTION: GOOD FAITH AND FAIR DEALING

12.01 Plaintiffs incorporate paragraphs 7.01-7.18 herein

12.02 SAFECO and/or its adjusters owed Plaintiffs a duty of good faith and fair dealing. SAFECO and/or its adjusters breached this duty when they denied Plaintiffs' claim because SAFECO and/or its adjusters knew or should have known that it was reasonably clear that Plaintiffs' claim was covered. SAFECO's breach of this duty was a proximate cause of Plaintiffs' damages.

## XIII.
## 6th CAUSE OF ACTION: FRAUD

13.01 Plaintiffs incorporate paragraphs 7.01-7.18 herein.

13.02 Common Law Fraud. Defendants, SAFECO made various representations to the Plaintiffs regarding their windstorm / hailstorm claim, including material representations regarding prior repairs, material representations regarding policy coverages, whether or not claims were covered, and/or the value of claims, which were material and false. At the time SAFECO made the representations they knew the representations were false or made the representations recklessly as a positive assertion without knowledge of the truth. SAFECO made these representations with the intent that the Plaintiffs acted on them by not further pursuing claims and/or thinking there was no other money to recover. Plaintiffs relied on the representations and this caused injury.

13.03 Constructive Fraud. A breach of fiduciary duty is a form of constructive fraud. The acts and omissions of SAFECO constitute constructive fraud.

13.04 Fraud by Non-disclosure.

(a) SAFECO had a duty to Plaintiffs to disclose the extent and value of damages suffered by Plaintiffs and that it owed Plaintiffs money for her claim. SAFECO concealed from, or failed to disclose these facts to Plaintiffs. The facts were material and SAFECO knew that the Plaintiffs were ignorant of the facts and that Plaintiffs did not have an equal opportunity to discover the facts.

(b) SAFECO was deliberately silent when they owed a duty to advise Plaintiffs of the damages and the extent of the damages and the amount it owed Plaintiffs. By failing to disclose these facts SAFECO intended to induce the Plaintiffs to believe no money was owed on the claim. Plaintiffs relied on the non-disclosure and was injured.

## XIV.
## AMBIGUITY

14.01 The policy in place at the time of June 15, 2013, policy number Y06917736, contained patent and latent ambiguities concerning the terms of the policy governing the insured's duties after loss.

## XV.
## WAIVER AND ESTOPPEL

15.01 Defendant has waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiffs.

## XVI.
## DAMAGES

16.01 As a direct result of Defendant's conduct, Plaintiffs has suffered economic damages all of which he is entitled to recover. Plaintiffs is entitled to recover, in addition to the amount of the claim, interest on the amount of the claim at the rate of 18 percent a year as damages, together

with reasonable attorney's fees. Plaintiffs are also entitled to recover mental anguish damages because Defendants acted in bad faith and because Defendants knowing conduct was the producing cause of Plaintiffs' mental anguish.

16.02 Pursuant to the DTPA and the TEXAS INSURANCE CODE, Plaintiffs is also entitled to recover treble damages because Defendants' conduct was committed knowingly.

16.03 Plaintiffs are entitled to exemplary damages as a result of Defendant's breach of duties owed as described in paragraph VIII-XIII above. When viewed objectively from the standpoint of the Defendant at the time of the occurrence in question, Defendant's conduct involved an extreme degree of risk, considering the probability and magnitude of the harm to others and of which the Defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others. In the alternative, Defendant had specific intent to cause substantial harm to Plaintiffs.

## XVII.
## ATTORNEY FEES

17.01 Pursuant to TEXAS CIVIL PRACTICES & REMEDIES CODE §§38.001, *et seq.*, DTPA § 17.50(d), and TEXAS INSURANCE Code § 541.152, Plaintiffs seeks recovery of i reasonable and necessary attorney fees and court costs.

## XVIII.
## PRAYER

18.01 For these reasons, Plaintiffs ask that they have judgment against Defendants for their economic damages, mental anguish damages, treble damages, exemplary damages, reasonable and necessary attorney fees, pre-judgment and post-judgment interest as allowed by law, costs of suit, and all other relief to which Plaintiffs may show themself entitled.

Respectfully Submitted,

By: *[signature]*
CLINT BRASHER
Texas Bar No. 24009915
JOE MUCKLEROY
Texas Bar No. 24065801
P.O. Box 2237
Beaumont, Texas 77704
(409) 832-3737 Telephone
(409) 832-3838 Fax

And

Danny Ray Scott
State Bar No. 24010920
LOPEZ SCOTT, LLC
719 S. Flores, Suite 100
San Antonio, Texas 78204
Telephone: 210-472-2100
Facsimile: 210-472-2101
*Attorneys for Plaintiffs*



Case 4:14-cv-00699-O Document 4 Filed 10/03/14 Page 13 of 13 PageID 54

Sender:

9407 1118 9956 1781 7372 91

CERTIFIED MAIL

stamps.com

* Patents 5,573,277*
* 5,697,648* 5,848,809*
* 1-UP Laser Form*
* USA CMF-134 11/13*

$6.900
US POSTAGE
FIRST-CLASS
FROM 77707
OCT 08 2014
stamps.com

Safeco Insurance Company of Indiana
c/o Corporation Service Company
211 E 7th Street Suite 620
Austin TX 78701-3218